UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRUCE WEAKLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-259-SPM |
| PERMALOK CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Bruce Weakley's motion for leave to proceed *in forma pauperis*. (Docket No. 2). Upon review and consideration of the motion and the financial information provided therein, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The Court will therefore grant the motion. Additionally, the Court will direct plaintiff to file an amended complaint, accompanied by the documents necessary to demonstrate that he has exhausted his administrative remedies with respect to the claims he wishes to bring.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action to redress employment discrimination. He states he intends to proceed under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act of 1990 (ADA), and the Age Discrimination in Employment Act of 1967 (ADEA). In the complaint, he placed check marks indicating that the allegedly wrongful conduct included termination of his employment, failure to promote him, retaliation, and harassment, and he also wrote: "equal pay, constructive termination." (Docket No. 1 at 4). He also placed check marks indicating he believed he suffered discrimination on the basis of his

race, color, and age. *Id.* at 5. He did not place a check mark to indicate he believed he suffered discrimination on the basis of a disability.

In setting forth his allegations in support of his claims, plaintiff alleges as follows. On July 15, 2017, plant manager Rick Grissom assaulted an employee named Steve Love. Next, plaintiff alleges "constant retaliation and harassment from Rick Grissom because of statements wrote on him by me and five other employees." *Id.* Plaintiff alleges that the statements caused Grissom to be investigated.

Plaintiff then describes two incidents that occurred in October of 2017. On October 11, 2017, Grissom was standing behind two other employees. As they walked away, Grissom mimed "having a whip in his hand like they were his slave cracking in back to work [omitted]," using a racial slur. *Id.* at 6. The next day, plaintiff reported the incident. On October 24, 2017, Grissom asked plaintiff to perform a two-man job by himself, which "led to an argument about safety, and when I said I was going to the main office, Rick Grissom stated I don't care what [omitted] say," using a racial slur. *Id.* Plaintiff went to the main office and talked with the Operations Manager, who said "what did Rick Grissom do now." *Id.* Plaintiff said he wanted Grissom to stop harassing him. Plaintiff writes: "Rick Grissom ran across to the main office and said I Quit. I clearly know how to put in a resignation." *Id.*

Throughout the complaint, plaintiff alleges that Grissom's actions violated Permalok Corporation's policies on violence in the workplace, racial gestures and words, and safety. As relief, plaintiff seeks "return to employment, back pay, and benefits." *Id.* at 7.

## Discussion

The complaint is subject to dismissal because it fails to state a plausible claim for relief. Plaintiff states he intends to bring a claim under Title VII, he states he suffered employment

discrimination on the basis of his race and color, and he alleges that Grissom used racial slurs and racially-charged gestures. Title VII prohibits employment discrimination because of race, color, religion, sex or national origin. In order to state a claim under Title VII, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Onyiah v. St. Cloud State University,* 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted). Under that framework, a plaintiff must show: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* (citation omitted). Here, plaintiff's allegations do not establish the first element, as he neither identifies his race nor otherwise alleges membership in a protected class. This Court cannot assume facts that are not alleged. *Stone*, 364 F.3d at 914-15. While plaintiff can arguably be said to have alleged he suffered an adverse employment action, the remaining elements are not readily discernible from his complaint.

Plaintiff also states he intends to bring a claim under the ADEA, he indicates he suffered discrimination on the basis of his age, and he alleges he was born in 1965. "The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir.

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

2010) (internal citation omitted). Under that framework, a plaintiff must show: (1) he is over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably. *Id.* Here, while plaintiff's allegations establish the first element and arguably establish the third, the remaining elements are not readily discernible from his complaint. Finally, plaintiff states he intends to bring a claim under the ADA. However, he does not indicate or allege he was disabled. *See Heisler v. Metropolitan Council*, 339 F.3d 622, 626-27 (8th Cir. 2003) (to state a prima facie case of discrimination under the ADA, a plaintiff must show, *inter alia*, that he was disabled within the meaning of the ADA).

It is also unclear whether plaintiff has exhausted his administrative remedies, as necessary to bring claims under Title VII, the ADA, or the ADEA. Before bringing suit under the ADEA, a plaintiff must have filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Before bringing suit under Title VII or Title I of the ADA, a plaintiff must first file a charge of discrimination with the EEOC, and receive a right-to-sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (Title VII), *see, e.g.,* 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability); *see also Kent v. Director, Mo. Dept. of Elementary and Secondary Education and Div. of Vocational Rehabilitation*, 792 F. Supp. 59, 61-62 (E.D. Mo. 1992) (as in Title VII cases, receipt of a right-to-sue letter is a prerequisite to bringing suit under Title I of the ADA). A plaintiff will be deemed to have exhausted administrative remedies as to allegations that are like or reasonably related to the allegations brought before the EEOC. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

The Court will give plaintiff the opportunity to file an amended complaint to clearly set forth the claims he wishes to bring, and his allegations in support of those claims. Plaintiff is warned that the amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. If plaintiff wishes to assert claims under the ADEA, he must file a copy of the charge of discrimination he filed with the EEOC. If he wishes to assert claims under Title VII and/or the ADA, he must file a copy of his EEOC charge of discrimination and a copy of his EEOC right-to-sue letter. Plaintiff will have thirty days to file an amended complaint, accompanied by the documents necessary to demonstrate that he has exhausted his administrative remedies with respect to the claims he wishes to bring.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file an amended complaint, accompanied by the necessary documents, as instructed in this order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

                                                                              /s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of February, 2019.