# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRUCE WEAKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19CV259 SPM |
| | ) |
| PERMALOK CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint, filed by plaintiff Bruce Weakley. For the reasons discussed below, the Court will direct the Clerk of Court to issue process upon the amended complaint as to defendant Permalok Corporation on plaintiff's claim under Title VII of the Civil Rights Act of 1964 (Title VII). However, the Court will dismiss the individual defendants from this action, and will also dismiss plaintiff's claims under the Americans with Disabilities Act of 1990 (ADA) and the Age Discrimination in Employment Act (ADEA).

## Background

The background of this case is fully set forth in the Court's February 25, 2019 Memorandum and Order. However, following is a brief recitation. Plaintiff initiated this employment discrimination action on February 20, 2019, stating he intended to proceed under Title VII, the ADA, and the ADEA. He sought and was granted leave to proceed *in forma pauperis*. Upon review, the Court noted that plaintiff had failed to provide documentation necessary to demonstrate he had exhausted his administrative remedies with respect to the claims he wished to bring. Additionally, the Court noted that plaintiff failed to allege certain elements

of a Title VII claim, and failed to allege he was disabled or that he suffered discrimination on the basis of his age or any disability. The Court gave plaintiff the opportunity to file an amended complaint to clarify the claims he wished to bring, and to provide documentation necessary to demonstrate he had exhausted his administrative remedies with respect to such claims. Plaintiff timely complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

Plaintiff again states he brings this case pursuant to Title VII, the ADA, and the ADEA. The allegations in the amended complaint are identical to those in the original, and describe suffering racial discrimination in the workplace. In a document filed after the amended complaint, plaintiff listed individual employees of Permalok Corporation he believed were parties to this action: Rick Grissom (Plant Manager), Linda Vidacak (Regional HR/Plant Safety Manager), and Shane Zeeman (Operations Manager). In an abundance of caution, the Court determined that plaintiff may have intended to name these individuals as defendants in this action, and listed them as named defendants.

As part of the amended complaint, plaintiff included a copy of the charge of discrimination he filed with the Missouri Commission on Human Rights (MCHR), and a copy of a notice of right to sue issued by the Equal Employment Opportunity Commission (EEOC) on November 29, 2018. The Court reads plaintiff's charge of discrimination and his amended complaint together. *See Williams v. Target Stores,* 479 F. App'x 26, 28 (8th Cir. 2012) (citing Fed. R. Civ. P. 10(c)) ("federal rules require that the charge of discrimination and the complaint be read together.")

In the charge of discrimination, plaintiff alleged, *inter alia*, that he believed he was harassed and terminated "because of my race, African American," he described being subjected to discriminatory conduct and racial epithets, he alleged that five other African American employees were terminated that year, and he alleged that, following an incident in which a racial epithet was used against him, he was told that he quit and to leave the workplace. Nowhere in the amended complaint or charge of discrimination does plaintiff allege he was disabled, or that he suffered discrimination on the basis of his age or any disability.

## Discussion

While plaintiff states he intends to bring this case pursuant to Title VII, the ADA, and the ADEA, the allegations in his amended complaint and charge of discrimination are based solely upon racial discrimination. Before asserting an ADA or ADEA claim in federal Court, a plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (citations omitted). As plaintiff herein has not done so, the Court determines that he has failed to exhaust his administrative remedies with respect to any purported ADA or ADEA claims. Therefore, such claims will be dismissed.

It appears plaintiff's Title VII claim is timely and exhausted, and the Court will therefore require defendant Permalok Corporation to respond to the amended complaint. However, to the extent plaintiff can be understood to name individual Permalok Corporation employees as defendants in this action, those individuals will be dismissed because individual employees cannot be held liable under Title VII. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam).

Plaintiff has also filed a motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the amended complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present his claims. In addition, the motion is premature, as the defendant has yet to be served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims brought pursuant to the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that defendants Rick Grissom, Linda Vidacak, and Shane Zeeman are **DISMISSED** from this action.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint as to defendant Permalok Corporation via its registered agent, CSC – Lawyer's Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

A separate order of partial dismissal will be entered herewith.

Dated this 16th day of April, 2019.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE