UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE WEAKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-CV-259-SPM |
| PERMALOK CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendant's Motion to Dismiss. (Doc. 14). Defendant argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5), which permits a party to file a motion to dismiss based on insufficient service of process, and Federal Rule of Civil Procedure 4(m), which requires the court to dismiss a complaint if a defendant is not served within 90 days after the complaint is filed and the plaintiff shows good cause for the failure. For the following reasons, the Court will deny the motion.

### I. BACKGROUND

On February 20, 2019, Plaintiff filed his *pro se* complaint in this Court against Defendant. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. On February 25, 2019, after a review pursuant to 28 U.S.C. § 1915(e)(2), the court issued an order granting the motion for leave to proceed *in forma pauperis* and giving Plaintiff 30 days to file an amended complaint. (Doc. 5). On March 14, 2019, Plaintiff filed an amended complaint. (Doc. 6). On April 16, 2019, the Court dismissed some, but not all, of Plaintiff's claims, and entered an order directing the Clerk of Court to issue process upon the amended complaint as to Defendant. At that point, the summons should have been delivered to the United States Marshals Service ("USMS") for service to be made,

1

pursuant to Federal Rule of Civil Procedure Rule 4(c)(3), which provides that when a plaintiff is proceeding in forma pauperis, the court must order that service be made by a United States marshal or other person appointed by the Court, and 28 U.S.C. § 1915(d), which requires officers of the court to issue and serve all process in *in forma pauperis* cases.

On August 29, 2019, this Court entered an order noting that service was overdue and giving Plaintiff until September 27, 2019 to either serve Defendant or show cause why the action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). That order was entered in error. Although the general rule is that the plaintiff is responsible for having the summons and complaint served, that was not the case here. In this case, responsibility for service lay with the USMS and not with Plaintiff. Plaintiff did not respond to the order.

On or around October 17, 2019, the Court contacted staff in the clerk's office, and it was discovered that due to some error, the summons had never actually been delivered to the USMS. At that time, the summons was hand-delivered to the USMS. On October 18, 2019, Defendant was served. (Doc. 11).

In the instant motion, Defendant asks the Court to dismiss Plaintiff's complaint because Defendant was not timely served under either Rule 4(m) or the Court's August 29 order extending the time for service. Defendant also argues that there is no "good cause" for Plaintiff's failure to serve Defendant that would require the Court to extend the deadline for service, and no "excusable neglect" that would give the Court discretion to extend the deadline.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). It is undisputed that Defendant was not served within the time frame set by Rule 4(m). Thus, the Court must determine whether there is "good cause" for the failure to serve Defendant within the appropriate time frame.[1]

"[U]nder Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within [the time set by Rule 4(m)], it shall extend the time for service." *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Although "good cause" is not defined in the rules, the Eighth Circuit has noted. "[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed. 2002)).

As a general rule, the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). However, as discussed above, where a plaintiff is authorized to proceed *in forma pauperis*, the court must order that service be made by a United States marshal, deputy marshal, or other person specially appointed by a court. Fed. R. Civ. P. 4(c)(3). *See also* 28 U.S.C. § 1915(d) (for proceedings in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"). A plaintiff who

---

[1] Even where good cause is not shown, the Court has discretion to extend the time for service if Plaintiff shows that the failure to timely serve Defendant was due to "excusable neglect." See *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). Because the Court finds good cause, the Court need not reach the question of excusable neglect.

3

is proceeding *in forma pauperis* "entitled to rely on service by the USMS." *Wright v. First Student*, 710 F.3d 782, 783 (8th Cir. 2013). As long as the plaintiff's complaint includes adequate information (such as the defendant's address), "[t]he court staff [is] obligated to prepare the summons and provide it to the USMS, and the USMS [is] obligated to effect service." *Id.* (citing 28 U.S.C. § 1915(d)).

If a plaintiff proceeding *in forma pauperis* has provided adequate information for the USMS to effect service, but the actions by court staff or the USMS cause a delay in service, good cause exists for the failure to timely serve, and the complaint should not be dismissed pursuant to Rule 4(m). *See Wright*, 710 F.3d at 783-84 (vacating the district court's dismissal of a complaint for untimely service of process where the plaintiff was proceeding *in forma pauperis* and remanding for a hearing on the reason for the delay in service; stating, "if the delay in service was the result of a delay by court staff or the USMS in fulfilling their obligations, [the plaintiff's] complaint should not have been dismissed under Rule 4(m)"); *Heyne v. Mitsubishi Motors N. Am., Inc.*, No. 8:12-CV-421, 2014 WL 3670953, at *4 (D. Neb. July 23, 2014) ("[S]o long as the plaintiff has provided the necessary information, the Marshals' failure to effect service is automatically good cause within the meaning of Rule 4(m) for failing to serve process.") (citing *Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997)); *Gibbons v. Pilcher,* Civ. No. 12–5035–JLV, 2013 WL 4647502, at *13 (D.S.D. Aug. 29, 2013) (noting that "[w]hen the Marshal fails to properly effectuate service of process, the *in forma pauperis* litigant should not be penalized for that failure" ).

Here, Plaintiff is proceeding *in forma pauperis*, and his amended complaint provided the address at which Defendant was ultimately served. The only reason that service was not timely made is that court staff made an error in not timely delivering the summons to the USMS, a matter

that was completely outside of Plaintiff's control. As soon as that mistake was corrected, Defendant was served. Thus, the Court finds good cause for Plaintiff's failure to timely serve Defendant, and Plaintiff's motion to dismiss the case pursuant to Rule 4(m) and Rule 12(b)(5) will be denied.

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (Doc. 14) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of November, 2019.